**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ELIZABETH ANNE-MARIE BLACKWELL,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00584-PGB-PRL**

**SCHOOL BOARD OF LAKE COUNTY, FLORIDA, OFFICIAL CAPACITY; DIANE KORNEGAY, INDIVIDUAL CAPACITY; KIRSTEN OLAFSEN, INDIVIDUAL CAPACITY; DAVID MEYERS, INDIVIDUAL CAPACITY; NICK BLACKSHAW, INDIVIDUAL CAPACITY; TRACY L. ELLIS, INDIVIDUAL CAPACITY; BEBI TALIP, INDIVIDUAL CAPACITY; AND CHARLENE GATZKE, INDIVIDUAL CAPACITY;**

**Defendants,**
_________________________________/

## ORDER

The Plaintiff, Elizabeth Anne-Marie Blackwell, who is proceeding pro se, filed this action against the School Board of Lake County and various individual employees of the School Board of Lake County. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, the motion to proceed in forma pauperis will be taken under advisement, and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

## I. Legal Standards

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

## II. Discussion

The complaint consists of over 39 pages, including more than 200 numbered allegations. As best can be discerned from the allegations of the complaint, Plaintiff's claim arises from her employment as a food service worker for the Lake County School Board, her dissatisfaction with her work assignments, and alleged discrimination. Plaintiff attempts to allege claims under the Americans with Disabilities Act ("ADA") for disability discrimination, failure to accommodate, retaliation, interference, hostile work environment, and related claims. In total, Plaintiff alleges five claims under the ADA, as well as a claims against the individual defendants under 42 U.S.C. § 1983 pursuant to the Fourteenth Amendment for procedural due process and "liberty interest.' (Doc. 1 at 32-37).

Plaintiff's complaint includes more than 170 factual allegations that she purports to incorporate by reference into the claims that follow. Plaintiff contends that she suffered from hand and joint conditions, that she was given a repetitive hand-squeezing task that aggravated her conditions, and that she was reassigned to tasks without adequate support or sufficient ingredients and required to do tasks such as "heavy stirring" of bean salad. (Doc. 1

at 16, 22). Plaintiff's complaint also references "the hummus incident," as well as an incident where Plaintiff suffered a medical emergency while at work, and numerous allegations describing her dissatisfaction with interactions with co-workers and supervisors.

To begin, the allegations of each of the counts pled are vague, conclusory, non-specific, and lack well-pled facts. The complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. The complaint does not contain a short and plain statement of the claim(s) showing that the pleader is entitled to relief, as required by Rule 8. Although Plaintiff is proceeding pro se, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Indeed, the complaint constitutes an impermissible shotgun pleading, in that it fails to give the Defendants adequate notice of the claims against them and the grounds upon which each claim rests. The Eleventh Circuit has "repeatedly condemned shotgun pleadings, because '[p]leading claims in this fashion imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts.'" *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (quoting *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)); *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) ("This Court has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices.").)

Most notably, the complaint incorporates into each count the bulk of the proceeding allegations, regardless of the claim or against which Defendant it is asserted. (See generally

Doc. 1). This is a quintessential shotgun pleading. *See Johnson Enters. of Jacksonville v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that impermissible shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief" and then "[t]he general allegations are incorporated by reference into each count of the complaint."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding the complaint was an "all-too-typical shotgun pleading" because "[e]ach count has two numbered paragraphs, the first of which incorporates by reference all forty-three paragraphs of factual allegations"); *Tennison v. City of Decatur, Alabama*, No. 5:25-CV-1466-HDM, 2026 WL 539472, at *4 (N.D. Ala. Feb. 26, 2026) ("This undifferentiated mass incorporation of factual paragraphs into each claim renders the complaint a shotgun pleading.").

Out of an abundance of caution, the Court will provide Plaintiff with the opportunity to file an amended complaint to clarify the bases for her claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which relief is south and explain with factual allegations how defendant(s) are responsible. Plaintiffs should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

## III. Conclusion

Accordingly, Plaintiff's motion to proceed in forma pauperis is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **September 30, 2026,** to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained

in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding pro se, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http:w.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on September 2, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties